## CIRCUIT COURT OF FAUQUIER COUNTY

Florence H. Cover

v.

William P. Scogin et al.

November 12, 2002

Case No. (Chancery) CH00-57

BY JUDGE JAMES H. CHAMBLIN

This cause came before the Court on October 10, 2002, for argument on the Exception to the Report of the Commissioner filed by the Defendants. After consideration of the argument of counsel as to the Exception, the evidence presented to the Commissioner in Chancery, and his Report filed September 10, 2002, the Exception is overruled and the Report is confirmed.

Under Va. Code § 8.01-610 the report of a Commissioner in Chancery shall not have the weight of a jury verdict, but it should be sustained unless this Court concludes that the Commissioner's findings are not supported by the evidence. *Yeskolski v. Crosby*, 253 Va. 148, 152 (1997). This rule applies with particular force to a Commissioner's findings of facts based on evidence taken in his presence. *Hudson v. Clark*, 200 Va. 325, 329 (1958). The Commissioner's findings and conclusions must be sustained unless it plainly appears that the weight of the evidence is contrary to his findings. *Leckie v. Lynchburg Trust, etc., Bank*, 191 Va. 360, 364 (1950).

The Commissioner in Chancery heard and observed the witnesses as they testified. He saw the witnesses as they pointed to various exhibits. He was in a position to see firsthand a witness' testimony as he or she pointed to an exhibit. It is difficult to ascertain by merely reading the transcript of the Commissioner's hearing what every witness was referring to when testifying. Counsel did not in many instances create a written record by articulating non-verbal witness responses. Nevertheless, I am sure that counsel and the

Commissioner knew exactly what a witness was pointing to on an exhibit during examination. The Commissioner in Chancery observed the witness testifying. His conclusions as to such a witness' testimony should be given deference.

The Defendants except to two conclusions by the Commissioner in Chancery. First, they except to his conclusion that the boundary line between the Plaintiff and the Defendants is as shown on the survey of J. H. Harris dated May 19, 1993, admitted as Complainant's Exhibit A and referred to in Complainant's Exhibit I. The evidence is somewhat conflicting, but I think that the evidence presented at the hearing supports this conclusion of the Commissioner.

The Defendants' second exception concerns the Commissioner's conclusion that they are not entitled to the relief requested in their Cross-Bill. The Commissioner's decision as to the location of the boundary line, as described above, is contrary to the Defendants' assertion that the Plaintiff owns no property included in the roadway which the Defendants assert is Grove Church and Ellis Mill Road. The Defendants assert that the roadway which they seek to use for access to Route 615 is a public road known as the Grove Church and Ellis Mill Road. The Commissioner is correct in concluding that the evidence presented at the hearing is not sufficient to show that the road over the Plaintiff's property to Route 615 is the same public road created by the Fauquier County Court in the early 1800's. I agree with the Commissioner's analysis of the evidence presented.

The Plaintiff offered expert evidence that an examination of the title to her property does not reveal a public road over or adjacent to her land as claimed by the Defendants. The Defendants had the burden to produce evidence satisfactory to the Commissioner to show that the road in question is the same public road created by the Fauquier County Court almost 200 years ago. I agree with the Commissioner that the Defendants failed to offer satisfactory evidence that connected the description of the road created in the early 1800's to the present-day owners of the properties over which the road passes.

The Report of the Commissioner in Chancery is confirmed. The Plaintiff is granted the relief requested in the Bill of Complaint. The Cross-Bill is dismissed. The Plaintiff shall recover her costs from the Defendants. The fee of the Commissioner in Chancery and the fee of the court reporter shall be paid one-half by the Plaintiff and one-half by the Defendants.